*38
 
 Battle, J.
 

 The act of 1848, ch. 41, entitled “ An act, making better and more suitable provision for
 
 femes
 
 covert,” declares in the 1st section,
 
 “
 
 that from and after the passage of this act, whenever a marriage shall take place, all the lands or real estate owned by the feme covert at the time of marriage, and all the lands and real estate which she may subsequently acquire, by will, devise, inheritance or otherwise, shall not be subject to be sold or leased by the husband for the term of his own life or any less term of years, except by and with the consent of his wife, first had and obtained, to be ascertained and effectuated by privy examination, according to the rules now required by law for the sale of lands by deed belonging lo femes covert.”
 

 The session of the General Assembly at which this act was passed, commenced on the 20th day of November, 1848, and the act was ratified on the 29th day of January, 1849. The feme lessor of the plaintiff became the owner of the land in controversy in the year 1846, and was married to the other lessor, on the 21st of December, 1848, so that the case turns upon the question, from what time the act referred to took effect.
 

 At the common law, an act of Parliament, passed at any time during the session, had relation to the first day thereof, and was in force from-that time, unless some other time was fixed upon in the act itself.
 
 Latless
 
 v. Holmes, 4 Term Rep. 660,
 
 Panter's
 
 case, 6 Bro. P. C. 553. The same rule was adopted in this State with regard to the acts of our General Assembly;
 
 Smith
 
 v.
 
 Smith,
 
 Mar. Rep. 26;
 
 Sumner
 
 v.
 
 Barksdale,
 
 Conf. Rep. 111. This was altered by the act of 1799, (ch. 527 of the Rev. Code of 1820,) 1 Rev. Sat., ch. 52, sec. 36, by which it is provided, that acts of Assembly shall only be in force from and after thirty days after the rise of the session in which they are passed, and not before, unless otherwise expressly directed in the acts themselves. (See also the Rev. Code, ch. 52, sec. 35).
 

 In the case before us, the act was expressly directed to be in force from and after its passage, which takes it out of the
 
 *39
 
 operation of the act of 1799, and brings it within the rule of the common law, as has been expressly decided by this Court in the case of
 
 Weeks
 
 v. Weeks, 5 Ire. Eq. Rep. 111.
 

 In passing the Revised Code, the Legislature of 1854 treated the act of 1848, upon which we are commenting, as having been in full force from the third Monday of November in that year, which was the first day of the session.
 
 We
 
 are thus fortified in our exposition of the law by the opinion of that body. Had it been declared that the act was to be in force from and after its ratification, instead of its passage, then the day on which it was ratified, by the signatures of the speakers of the two Houses, would have been the day from and after which it would have been in force.
 

 Pee Curiam, The judgment of the Superior Court is affirmed.